IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WILLIAM HOLLON,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:14-cv-162

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is presently before the undersigned for disposition based upon the parties' consent. Doc. 9. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 15), the administrative record (doc. 7),[1] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed for SSI on August 30, 2011. PageID 601. He claims disability as a result of a number of alleged impairments including, *inter alia*, psychotic disorder and major

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

depressive disorder.  PageID 48.  After initial denials of his application, Plaintiff received a hearing before ALJ Mary Ann Poulose on December 22, 2012.  PageID 46.  The ALJ issued a written decision thereafter finding Plaintiff not disabled.  PageID 56.  Specifically, the ALJ's findings were as follows:

1. The claimant has not engaged in substantial gainful activity since August 30, 2011, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: cervical spine herniation, lumbar bulge, psychotic disorder, and major depression disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform light work[2] as defined in 20 CFR 416.967(b) except unskilled, simple, routine, and repetitive work with only occasional coworker interaction and no public interaction or tandem tasks with coworkers.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born [in] 1961 and was 50 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

---

[2] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 416.967.  Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.* § 416.967(b).  An individual who can perform light work is presumed also able to perform sedentary work.  *Id.*  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties."  *Id.* § 416.967(a).

8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since August 30, 2011, the date the application was filed (20 CFR 416.920(g)).

PageID 48-56.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 601. Plaintiff then filed this timely appeal. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

  B.  **Evidence of Record**

In her decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 46-54. Plaintiff, in his Statement of Errors, also sets forth an extensive summary of the evidence of record. Doc. 9 at PageID 602-17. The Commissioner's memorandum in opposition offers no objections to the statement of facts presented by Plaintiff. Doc. 12 at PageID 624-42. Except as otherwise noted in this Decision and Entry, the undersigned incorporates Plaintiff's summary and the ALJ's recitation of the evidence.

## II.

  A.  **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-

3

46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.  **"Disability" Defined**

To qualify for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 1382c(a)(3)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are "medically determinable"; expected to result in death or which have lasted or can be expected to last for a continuous period of not less than twelve months; and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful work" that is available in the regional or national economies. *Id*. §§ 1382c(a)(3)(A), (B).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff argues that the ALJ failed to properly: (1) weigh medical opinion evidence relevant to his mental health limitations -- including the opinions of Plaintiff's treating psychiatrist, James Yoziota, M.D., and non-treating sources Ty Payne, Ph.D. and Katherine Fernandez, Psy.D.; and (2) assess his credibility. Doc. 9 at PageID 608-16.

### A. Medical Source Opinions

"[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Treating physicians and psychologists top the hierarchy. *Id.* "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id.* "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.,* 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original). This requirement is known as the "treating physician" rule. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted). Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2); *see also Blakley*, 581 F.3d at 406. Thus, an ALJ must give controlling weight to a treating source if the ALJ finds the treating physician's opinion well-supported by medically acceptable evidence and not

6

inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakley*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.*

Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id.* at 406; *see also* 20 C.F.R. § 416.927(c).[3] In addition, unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

An ALJ is not required to accept a physician's conclusion that his or her patient is "unemployable." Whether a person is disabled within the meaning of the Social Security Act is an issue reserved to the Commissioner, and a treating physician's opinion -- that his or her

---

[3] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12 CV 3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id.*

patient is disabled -- is not "give[n] any special significance." 20 C.F.R. § 416.927; *see Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (stating that "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician"). However, "[t]here remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

The Court first addresses Plaintiff's argument regarding the ALJ's analysis of Dr. Fernandez's opinion. Doc. 9 at PageID 614-15. In weighing opinions of non-treating sources, Social Security regulations require the ALJ to apply the same level of scrutiny as afforded to treating source opinions. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 379 (6th Cir 2013). "A more rigorous scrutiny of the treating-source opinion than the nontreating and nonexamining opinions is precisely the inverse of the analysis that the regulation[s] require[]." *Id*. Simply restating a non-treating source's opinion and offering a conclusory assessment, without further discussion, fails to satisfy the requirement that the ALJ provide meaningful explanation of the weight given to all the medical opinion evidence. *See* 20 C.F.R. § 416.927(c); *see also Aytch v. Comm'r of Soc.*, No. 3:13-cv-135, 2014 WL 4080075, at *5-6 (S.D. Ohio Aug. 19, 2014).

In comparison to the lengthy critiques of the opinions by treating physician Dr. Yoziota and examining psychologist Dr. Payne, the ALJ's rather cursory analysis of Dr. Fernandez's opinion reads as follows:

> The mental [RFC] conclusion reached by the physicians employed by the State Disability Determination Services also supported a finding of 'not disabled.' Although those physicians were non-examining, and therefore their opinions do not as a general matter deserve as much weight as those of examining or treating physicians, those opinions do deserve some weight, particularly in a case like this in which there exist a number of other reasons to reach similar conclusions (as explained throughout this decision).

8

PageID 54.  Nowhere in her opinion does the ALJ further review any specific portion of Dr. Fernandez's findings or provide any explanation as to how the particular limitations found by Dr. Fernandez are unsupported by the record or consistent with any other evidence.  *Id*.  Instead, the ALJ leaves Plaintiff and this reviewing Court to speculate as to the "number of other reasons . . . explained throughout [the ALJ's decision]" which support the weight accorded Dr. Fernandez's opinion.  *Id*.  This conclusory analysis falls short of the meaningful explanation required by the regulations and, accordingly, results in a finding of error.

The Court also finds error in the ALJ's analysis of Dr. Payne's opinion.  The ALJ gave little weight to that opinion because Dr. Payne "saw [Plaintiff] only once, and therefore, [he] has less understanding of the nature and severity of [Plaintiff's impairments]."  PageID 54.  While the length, nature, and extent of a treatment relationship is a factor upon which the ALJ can reduce the weight given a medical source opinion, *see* 20 C.F.R. § 416.927(c), such a reason is not a "good reason" to afford lesser weight to Dr. Payne's opinion in the absence of any meaningful explanation as to why such factor did not apply more significantly to Dr. Fernandez's opinion -- a doctor who *never* saw Plaintiff.  *See Snell*, 2013 WL 372032, at *9 (stating that, generally, "more weight is given to examining medical source opinions than is given to the opinions of non-examining medical sources").  Further, insofar as the ALJ found Dr. Payne's opinion "unpersuasive because it is conclusory," the Court finds that such a conclusion is itself conclusory and not supported by substantial evidence.  Contrary to the ALJ's finding, Dr. Payne's six-plus page report details the findings of his evaluation and reasons for his opinion.  PageID 305-11.  In fact, Dr. Payne's report contains no less explanation than the report of Dr. Fernandez.  PageID 113-16.

Finally, the undersigned makes no finding concerning the weight to be reasonably accorded Dr. Yoziota's opinion. Instead, the undersigned notes that the ALJ failed to explicitly reject giving controlling weight to Dr. Yoziota's opinion despite the fact that he is a treating physician. PageID 53. Given the Court's conclusions concerning the ALJ's lack of meaningful analysis of the opinions of Drs. Fernandez and Payne, on remand, the ALJ should analyze Dr. Yoziota's opinion anew and explain its relevance, given that such opinion significantly predates Plaintiff's SSI application date. *See Casey v. Sec. of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (stating that "[t]he proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after [his or] her application date"); *see also Russell v. Comm'r of Soc. Sec.*, No. 10-12118, 2012 WL 882889, at *12 n.1 (E.D. Mich. Jan. 26, 2012) (limiting review to the medical evidence in existence immediately preceding and after Plaintiff's SSI application date).

      **B.**    **Credibility**

In his second assignment of error, Plaintiff challenges the ALJ's assessment of his credibility. Given the Court's determination that the ALJ failed to properly weigh all medical source opinions of record, the undersigned finds that, upon remand, the ALJ shall analyze Plaintiff's alleged symptoms and determine his credibility anew.

**IV.**

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to order an award of benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). The Court may

only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Id.*

In this instance, evidence of disability is not overwhelming in light of differing medical opinion evidence. *See* PageID 429, 431-42. Accordingly, the Court concludes that a remand for further proceedings is necessary in order for the ALJ to: (1) fully assess and meaningfully explain the weight to be accorded all medical source opinions; (2) determine anew Plaintiff's RFC; and (3) evaluate Plaintiff's credibility.

### V.

For the foregoing reasons:

1. The Commissioner's non-disability finding is found unsupported by substantial evidence, and **REVERSED**;

2. This matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case is **TERMINATED** on the Court's docket.

**IT IS SO ORDERED**.

Date: July 29, 2015

*s/ Michael J. Newman*
Michael J. Newman
United States Magistrate Judge